UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.: 21-CV-21429-FAM

MICHELLE GLENN,

    Plaintiff(s),

vs.

CITYOF MIAMI AND MARIO NUÑEZ,

    Defendant(s).
_____/

# CITY OF MIAMI'S MOTION TO DISMISS COUNT III OF THE COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

_____

The Defendant, CITY OF MIAMI ("City"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Honorable Court to dismiss Count III of the Complaint and, as grounds, states:

## FACTS

1. In Count III of the Complaint, the Plaintiff alleges the City violated her equal protection rights under the Florida Constitution when Defendant Mario Nunez sexually harassed her. [D.E. 1, ¶¶ 116, 118].

2. Specifically, the Plaintiff cites to Article 1, Section 2 of the Florida Constitution. [D.E. 1, ¶ 119].

## MEMORANDUM OF LAW

To survive a motion to dismiss, a complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly et al..*, 550 U.S. 544, 547, 127 S.Ct. 1955, 1960, 167 L. Ed. 2d 929. A claim has facial plausibility

when a plaintiff pleads factual content that allows the court to draw the reasonable interference that a defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Mere recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 555. The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

## **ARGUMENT**

A Plaintiff cannot seek relief under Sec. 1983 for a violation of the Florida Constitution. *Ela v. Orange County Sheriff's Office*, 2014 WL 325697, at *6 (M.D. Fla. Jan. 29, 2014) ("Claims of violations of state constitutions or laws are not cognizable under § 1983."); *Btesh v. City of Maitland*, 6:10-CV-71-ORL-19DAB, 2010 WL 883642, at *5 (M.D. Fla. Mar. 5, 2010) ("Section 1983 provides a remedy for deprivations of federal statutory and constitutional rights. Thus, no relief can be granted on a Section 1983 claim alleging only a violation of state law."); *Ward v. Downtown Dev. Auth.,* 786 F.2d 1526, 1528 (11th Cir. 1986) ("§ 1983 provides a right of action only for a violation of those rights secured by the United States Constitution and not for a denial of state-created rights.")

In this case, Count III of the Complaint seeks relief through Sec. 1983 for an alleged violation of Article 1, Section 2 of the Florida Constitution. Because Sec. 1983 does not support a cause of action for deprivation of state law, Count III must be dismissed with prejudice.

> VICTORIA MÉNDEZ, City Attorney
> KEVIN R. JONES,
> Division Chief for Labor & Employment
> STEPHANIE K. PANOFF
> Assistant City Attorney
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.: (305) 416-1800
> Fax: (305) 400-5071

      Email:    skpanoff@miamigov.com,
krjones@miamigov.com
Secondary Email:  smfernandez@miamigov.com

By: __/s/ *Stephanie K. Panoff*__
     Stephanie K. Panoff
     Florida Bar No. 69214

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 5th day of May, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: __/s/ *Stephanie K. Panoff*__
     Florida Bar No. 69214

## SERVICE LIST

Caroline H. Miller
Derek Smith Law Group, PLLC
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Telephone: (305) 946-1884
Email(s): caroline@dereksmithlaw.com
*Attorney for Plaintiff*

VICTORIA MÉNDEZ, City Attorney
KEVIN R. JONES,
Division Chief for Labor & Employment
STEPHANIE K. PANOFF
Assistant City Attorney
*Attorneys for City of Miami*
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 400-5071
Email:  krjones@miamigov.com, skpanoff@miamigov.com
Secondary Email:  Yillescas@miamigov.com